IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARCUS ADDONIS HOPKINS                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 2:17-cv-25-KS-MTP

LARON SMITH and GAIEA CAGLE                                       DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court for case management purposes and following the screening of the claims brought by a *pro se* prisoner plaintiff. Having considered the record and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

On February 17, 2017, Plaintiff Marcus Addonis Hopkins, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. This action arises from Plaintiff's arrest and criminal charge. On November 5, 2016, Gaiea Cagle reported to police that she woke up to find a man in her apartment and later discovered that cash and electronics were missing from her apartment. Thereafter, a police officer allowed Cagle to view surveillance video of a suspect who had been outside her apartment. After reviewing the video, Cagle identified the suspect as Marcus Hopkins.

Laron Smith, a detective with the Hattiesburg Police Department, investigated the alleged burglary. On November 9, 2016, Detective Smith arrested Plaintiff on misdemeanor warrants, and thereafter, Plaintiff was charged with residential burglary.

In his Complaint, Plaintiff alleges that Defendants Cagle and Detective Smith falsely accused him of burglary. Plaintiff asserts that Defendants wrongfully arrested him, defamed him, violated his due process rights, and violated his equal protection rights. Plaintiff specifically alleges that Cagle maliciously accused him of burglary and that Detective Smith failed to perform a proper investigation, included false information in his report, and withheld

1

evidence during Plaintiff's preliminary hearing. *See* Complaint [1]; Supplementation [5]; Response [8].

According to Plaintiff, the burglary charge against him remains pending. *See* Motion [32].[1] Plaintiff is currently housed at the Forrest County Adult Detention Center as a pretrial detainee.

In this action, Plaintiff is challenging the validity of his arrest and any future conviction for burglary. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. *Id*. at 489-91. Here, Hopkins has not been convicted of a crime. While the rule in *Heck* does not extend to pending criminal matters, a successful § 1983 claim or state-law claim[2] would necessarily imply the invalidity of any future conviction that might result from the burglary charge and would, therefore, implicate *Heck*. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Accordingly, the undersigned recommends that the Court dismiss this action without prejudice to Plaintiff's ability to bring an action upon resolution of his criminal case.[3] *See*

---

[1] In a Motion [32] filed on August 16, 2017, Plaintiff requests that the Court direct the Hattiesburg Police Department to abandon the burglary charge.

[2] *Heck* extends to state-law claims that are based on factual allegations that are necessarily inconsistent with the validity of a conviction. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Thomas v. La. Dep't of Soc. Sers.*, 406 Fed. App'x. 890, 898 (5th Cir. 2010); *Shaw v. Harris*, 116 Fed. App'x. 499, 500 (5th Cir. 2004).

[3] The undersigned notes that the Court has the authority to stay this civil action pending the resolution of Plaintiff's criminal case. *See Wallace*, 549 U.S. at 393-94; *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). However, the undersigned finds dismissal without prejudice a more efficient use of resources, especially considering that Defendant Cagle has not appeared in this action or been served with process.

*Graham v. Starks*, 2014 WL 1091180 (N.D. Miss. Mar. 19, 2014); *Grimes v. Johnson*, 2016 WL 6892496 (W.D. La. Nov. 22, 2016). In other words, Plaintiff should be allowed reassert his claims in the event his criminal charge is dismissed, he is acquitted of the charge, or any future conviction is reversed, expunged, declared invalid, or called into question by federal habeas corpus.

## RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that:

1. This action be dismissed without prejudice to his ability to bring an action in the event his criminal charge is dismissed, he is acquitted of the charge, or any future conviction is reversed, expunged, declared invalid, or called into question by federal habeas corpus and

2. All pending motions be denied as moot.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 18th day of September, 2017.

s/ Michael T. Parker  
United States Magistrate Judge