**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARCUS ADDONIS HOPKINS**                                                                       **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 2:17-CV-25-KS-MTP**

**LARON SMITH and GAIEA CAGLE**                                                  **DEFENDANTS**


**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation [37] of United States Magistrate Judge Michael T. Parker (the "Magistrate"), filed on September 18, 2017, in which he recommends that the Court dismiss without prejudice the Complaint [1] filed by Marcus Addonis Hopkins ("Hopkins"). After reviewing the record, the Objection [38], and the applicable law, the Court finds that the Report and Recommendation [37] is both factually and legally accurate, and that it should be adopted as the opinion of the Court.

As required by 28 U.S.C. § 636(b)(1), the Court conducts an independent review of the entire record and a *de novo* review of the matters raised by Hopkins's Objection [38].

In his Report and Recommendation [37], the Magistrate found that Hopkins's claim of wrongful arrest stemmed from a charge of burglary against him that is still pending in state court. Any ruling on Hopkin's claims by this Court, then, would necessarily implicate the validity of any potential conviction in the pending state prosecution. Relying on *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 573, 102 L.Ed.2d 594 (1994), which held that a plaintiff alleging wrongful arrest must first show that his conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus, the Magistrate found that Plaintiff's Complaint [1] should be dismissed without prejudice and that he be allowed to reassert his claims in the event that the

charges against him are dismissed, he is acquitted, or any future conviction is reversed, expunged, declared invalid, or called into question by federal habeas corpus.

Hopkins's Objection [38] does not specifically address the Magistrate's findings and conclusions. Instead, he simply reiterates his claims and the relief that he seeks.

Because it is not disputed that charges for which he was allegedly wrongfully arrested are still pending against Hopkins, the only appropriate courses of actions the Court may take are dismissal without prejudice or staying this action until the state criminal case or likelihood of a criminal case is ended. *See Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L.Ed.2d 973 (2007). Hopkins does not argue that staying this action is the more appropriate of the Court's options, nor would the Court find such arguments persuasive. Given the amount of time the state proceedings could potentially take and considering the fact that Defendant Cagle has neither been served nor appeared in this action, the Court agrees with the Magistrate that dismissal without prejudice is a more efficient use of resources.

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [37] is **adopted** in full as the opinion of the Court. Hopkins's Complaint [1] is **dismissed without prejudice**.

SO ORDERED AND ADJUDGED, on this, the 17th day of October, 2017.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE